# IN THE COURT OF APPEALS OF IOWA

No. 14-2130
Filed October 28, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TYLER AUSTIN SUTTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Gregory A. Hulse, Judge.

Tyler Sutton appeals his sentence, following a guilty plea, to burglary in the third degree. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Michael K. Jacobsen, County Attorney, and Kelly T. Bennett and Scott W. Nicholson, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Tyler Sutton appeals his sentence, following a guilty plea, to burglary in the third degree. He asserts the district court erred when it did not cite adequate reasons for requiring him to reside at the residential facility. He further challenges the imposition of a $10 surcharge. We conclude the district court did not abuse its discretion when ordering Sutton to reside in the residential facility. However, the imposition of the surcharge constituted an illegal sentence. Consequently, we affirm all but the portion of the sentence imposing the surcharge and remand for correction of the sentencing order.

On December 15, 2014, Sutton pleaded guilty to burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A (2013). The district court accepted the plea agreement and suspended the five-year sentence but ordered Sutton to serve time in a residential facility. It also imposed a $10 surcharge for the drug abuse resistance education (DARE) program. Sutton appeals.

We review challenges to the sentence imposed by the district court for an abuse of discretion. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). We review challenges to the legality of a sentence for errors at law. *State v. Rodriguez*, 804 N.W.2d 844, 854 (Iowa 2011).

Sutton first challenges the court's order that he reside in the residential facility, arguing the "boilerplate" language was not enough to satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d). During the sentencing colloquy, the district court stated:

> The court has a number of sentencing options, which would include confinement in prison, or ordering confinement, suspending sentence and placing defendant on probation under such rules and regulations as might be appropriate. Defendant has stated to the court that he is not requesting a deferred judgment or sentence.
>
> In determining the appropriate sentence, I have considered the defendant's age, his prior record, his employment circumstances, his family circumstances, the nature of the offense, and all other information contained in the presentence investigation report. I have considered all this information in light of protection to the community from further offenses by this defendant and what sentence will provide maximum opportunity for his rehabilitation. Further, I have considered any treatment, physical or mental, drug or other, which he may need.
>
> . . . .
>
> As a further condition of probation, defendant is ordered to reside at the residential facility until maximum benefits have been achieved . . . . Defendant shall be in the custody of the Jasper County Sherriff until space is available at the residential facility.

During the sentencing hearing, the district court also acknowledged having reviewed the record, including the presentence investigation report, and only "appropriate" information contained within the victim impact statement. In his request for a suspended sentence, defense counsel detailed Sutton's current circumstances.

On our review of this record, it is apparent the district court considered the proper factors and then adequately stated them on the record when imposing its sentence. *See* Iowa Code § 901.5. Moreover, the court does not need to give specific reasons as to why it imposed each element of the sentence. *See State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989). Consequently, we conclude the district court did not abuse its discretion when ordering Sutton to serve time in the residential facility.

Sutton also argues, and the State agrees, that the court improperly imposed a $10 surcharge for the DARE program. This was an illegal sentence

given Sutton's crime did not meet the requirements which a DARE surcharge should be imposed. *See* Iowa Code § 911.2. Consequently, we reverse this portion of the court's sentencing order and remand so a new order may be entered in conformance with this opinion.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**